UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERLINDA LARA, et al., | No. 2:12-cv-02459-MCE-AC |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| BANDIT INDUSTRIES, INC., | |
| Defendant. | |

Through this action, Plaintiffs Herlinda Lara, Richard Lara, and Martin Lara, Jr. ("Plaintiffs") seek redress from Defendant Bandit Industries, Inc. ("Defendant") and Does 1-100 based on four causes of action: negligence, strict liability, negligence – product liability and breach of express and implied warranty.  Presently before the Court is Plaintiffs' Motion for Leave to Amend and to Remand to State Court ("Plaintiffs' Motion"). (ECF No. 11.)  Defendant filed a timely opposition to Plaintiffs' Motion.  (ECF No. 12.)  For the reasons set forth below, the Court grants Plaintiffs' Motion.[1]

///

///

///

---

[1] The Court ordered this matter submitted on the briefs because oral argument will not be of material assistance.  E.D. Cal. Local R. 230(g).

1

# BACKGROUND[2]

On January 12, 2012, Martin Lara was decapitated and died while using a wood chipping machine that Defendant allegedly manufactured. (Pls.' Compl., ECF No. 1, at 9.) Lara was using the machine in the course of his employment in Nevada City, California. (Id.) Plaintiffs, the wife and children of Lara, are California residents. (Id. at 8.)

On August 20, 2012, Plaintiffs filed a complaint in the Superior Court of California for the County of Nevada. (Id.) Defendant, a Michigan corporation with its principal place of business in Remus, Michigan, was the only defendant named in Plaintiffs' original complaint. (ECF No. 1, at 2, 8.) On September 28, 2012, Defendant removed to this Court based on diversity jurisdiction. (Id. at 2.)

Plaintiffs filed the present Motion on January 10, 2013. (ECF No. 11.) Plaintiffs' Motion requests leave to file an amended complaint that will add two defendants: Cal-Line Equipment, Inc. ("Cal-Line"), a California corporation, and LOR Manufacturing Company, Inc., a Michigan corporation. (Id. at 2.) Defendant opposes only the addition of Cal-Line, (ECF No. 12 at 2 n.1), whose joinder would destroy diversity and require remand under 28 U.S.C. § 1447(c).

# ANALYSIS

In support of their Motion for Leave to Amend, Plaintiffs rely on Federal Rule of Civil Procedure 15(a)[3] and 28 U.S.C. § 1447(e). Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

///
///

---

[2] Page references will be to the Court's ECF pagination.
[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

Section 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Defendant contends that Rule 15(a) is not applicable and that only Section 1447(e) governs Plaintiffs' Motion. While the Ninth Circuit has not addressed the issue, several district courts have determined that "the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)." Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1019 n.2 (C.D. Cal. 2002) (citations omitted); see also Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011) ("Plaintiffs may not circumvent 28 U.S.C. § 1447(e) by relying on Fed. R. Civ. P. 15(a) to join non-diverse parties.").

Section 1447(e) is "couched in permissive terms" and "clearly gives" district courts discretion in deciding whether to permit or deny joinder of a non-diverse defendant. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); see also IBC Aviation Serv., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) ("Under § 1447, whether to permit joinder of a party that will destroy diversity remains in the sound discretion of the court."). In deciding whether to deny or permit joinder under § 1447(e), courts typically analyze the following six factors:

> (1) [W]hether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

IBC Aviation, 125 F. Supp. 2d at 1011 (internal citations omitted). The Court will address each of these factors below.

///

///

///

3

### A. Just Adjudication and Rule 19(a)

Rule 19 "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999) (citing Fed. R. Civ. P. 19(a)). This standard is generally met when "failure to join will lead to separate and redundant actions." IBC Aviation, 125 F. Supp. 2d at 1011. "Although courts consider whether a party would meet [Rule] 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule] 19." Id. at 1011-12 (citations omitted).

Here, Defendant implicitly concedes that denying Plaintiffs' Motion may lead to a separate and redundant action. (See ECF No. 12, at 8, 11.) However, Defendant argues that, under the Supreme Court's decision in Temple v. Synthes Corp., LTD, 498 U.S. 5, 7 (1990), "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." (ECF No. 12, at 7.) Defendant's contention is not persuasive. In Temple, the Court found that Rule 19 did not prohibit a plaintiff's litigation strategy of suing one defendant in federal court and other defendants in state court, even though the claims arose from a single occurrence. 498 U.S. at 7. Since the standard under Section 1447(e) is less restrictive than Rule 19's standard," IBC Aviation, 125 F. Supp. 2d at 1011-12, Temple does not preclude this Court's finding that joinder of Cal-Line is necessary for just adjudication the purposes of Section 1447(e). Accordingly, the Court finds that this factor weighs in favor of granting Plaintiffs' Motion.

///
///
///
///
///

B.  **Statute of Limitations**

The parties agree that the statute of limitations would not bar Plaintiffs from bringing suit against Cal-Line in a separate action, as California has a two-year statute of limitations on actions for death by wrongful act.  See Cal. Civ. Proc. Code § 335.1.[4] Thus, the second factor favors denying Plaintiffs' Motion.  See Clinco, 41 F. Supp. 2d at 1083 ("[Plaintiff] does not argue that a new action against [the proposed defendant] would be time-barred.  Therefore, this factor does not support amendment.").

C.  **Unexplained Delay**

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Id.  There are no well-developed guidelines for evaluating the timeliness of Plaintiffs' Motion. Generally, courts find delays of over six months after removal to be untimely.  See, e.g., Lopez v. General Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983).  However, district courts in this circuit have found delays of less than six months to be reasonable.  See, e.g., Aqua Connect, Inc. v. Code Rebel, LLC, 2012 WL 1535769, at *2 (C.D. Cal. Apr. 27, 2012) (five-month delay between filing of a complaint and request for leave to amend is not unreasonable); Boon, 229 F. Supp. 2d at 1023 (motion filed ten weeks after the filing of the initial complaint is timely); Clinco, 41 F. Supp. 2d at 1083 (motion to amend filed six weeks after filing of the initial complaint is timely).  Additionally, even in cases of considerable delays, courts do not give this factor much weight if the "case is in its early stages and the delay does not appear to be prejudicial."

///

///

---

[4] Since Lara died on January 12, 2012, Plaintiffs would still have several months to bring suit against Cal-Line in state court.

5

Dollens v. Target Corp., 2011 WL 6033014, at *2 (N.D. Cal. Dec. 5, 2011); see also Yang v. Swissport USA, Inc., 2010 WL 2680800, at *4 (N.D. Cal. 2010) (granting plaintiffs' motion to amend filed nine months after removal where "no dispositive motions have been filed, and the discovery completed thus far [would] be relevant whether the case is litigated in [federal] court or state court").

Here, Plaintiffs filed the instant motion five months after filing the initial complaint and three months after the removal. Such delay is not unreasonable under this circuit's precedents. Additionally, this case is still in its early stages, the parties have not filed dispositive motions, and it does not appear that the parties have completed any substantial discovery. Although Defendant claims that it has been diligently pursuing discovery and thus will be prejudiced if the case is removed to state court, (see ECF No. 12, at 9), the Court fails to see why Defendant would not be able to use the obtained discovery in state court. Accordingly, the third factor favors granting Plaintiffs' Motion.

### D. Plaintiffs' Motive

Relying on Clinco v. Roberts, 41 F. Supp. 2d 1080 (C.D. Cal. 1999), Defendant argues that the Court should deny Plaintiffs' Motion because Plaintiffs' motive is to defeat federal subject matter jurisdiction. (ECF No. 12, at 9-10.) In Clinco, the district court for the Central District of California viewed the plaintiff's post-removal attempt to join a non-diverse defendant with suspicion and explained that "one could justifiably suspect that [plaintiff's] amendment of the complaint was caused by the removal rather than evolution of his case." 41 F. Supp. 2d at 1083. However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants."

///
///
///

IBC Aviation, 125 F. Supp. 2d at 1012; see also Trotman v. United Parcel Serv., 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996) ("The legislative history to § 1447(e) also suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion.").

In sum, while "one could justifiably suspect" that Plaintiffs' Motion "was caused by the removal rather than evolution" of the case, see Clinco, 41 F. Supp. 2d at 1083, the Court declines to impute an improper motive to Plaintiffs simply because Plaintiffs seek to add a non-diverse defendant post-removal.  Because the Court does not construe Plaintiffs' preference for state court any more negatively than Defendants' preference for federal court, see Taylor v. Honeywell Corp., 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010), this factor is neutral or weighs in favor of granting Plaintiffs' Motion.

### E. Apparent Validity of Plaintiffs' Claims

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)." Id. at *3.

In the proposed amended complaint, Plaintiffs allege claims of negligence, strict liability, negligence – product liability and breach of express and implied warranty against Cal-Line.  (ECF No. 11 Ex. 1.)  According to Defendant, "Cal-Line is the only authorized dealer for Bandit Industries, Inc., in Northern California."  (Morey Decl., ECF No. 12-2, at 2.)  Under California law, "a retailer engaged in the business of distributing goods to the public[] . . . is strictly liable in tort for personal injuries caused by defects" in the goods that the retailer sells.  Vandermark v. Ford Motor Co., 61 Cal. 2d 256, 263 (1964).  Thus, Plaintiffs' proposed amended complaint presents a viable claim against Cal-Line.  Accordingly, this factor favors granting Plaintiffs' Motion.

///

///

///

### F. Whether Denial of Joinder Will Prejudice Plaintiffs

Defendant claims that the Court's denial of Plaintiffs' Motion would not prejudice Plaintiffs because: (1) Defendant can fully satisfy the relief that Plaintiffs seek; (2) the Court can subpoena Cal-Line to testify at trial; and (3) Plaintiffs can pursue claims against Cal-Line in a separate action in state court.  (ECF No. 12, at 11.)  Defendant's contentions here bear a striking resemblance to the argument that the district court for the Northern District of California recently rejected in Taylor v. Honeywell Corp, 2010 WL 1881459, at *4 (N.D. Cal. May 10, 2010).  Specifically, the Taylor court explained that defendant's "alleged present ability to satisfy a judgment does not guarantee that it will, in fact, have the ability to do so if and when a judgment is entered."  Id.  The court also found that denying the plaintiffs' motion would be "unduly prejudicial to Plaintiffs because it would require them either to abandon the potential claims [they have] against [the proposed defendant] or litigate the same legal issues and facts as this case in state court."  Id.  Because such duplicative and redundant litigation would "result in a waste of judicial and the Plaintiffs' resources, as well as risk inconsistent results," the Taylor court found that the final factor favored granting plaintiff's motion to amend and to remand.  Id.

This Court similarly finds that precluding Plaintiffs from joining Cal-Line would prejudice Plaintiffs because they would be required either to abandon a viable claim against Cal-Line or to initiate a duplicative litigation in state court.  Thus, this factor favors granting Plaintiffs' Motion.

In sum, five of the six factors favor permitting Plaintiffs to amend their complaint to add Cal-Line as a defendant.  Accordingly, the Court grants Plaintiffs' Motion for Leave to Amend.  Plaintiffs' First Amended Complaint, which is attached to Plaintiffs' Motion as Exhibit 1, is hereby deemed filed.  In light of the joinder of Cal-Line as a defendant, there is no longer complete diversity between the parties as required under 28 U.S.C. § 1332.

///

///

Because remand is required if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c), this case should be remanded to state court.

**CONCLUSION**

For the reasons stated above, Plaintiffs' Motion For Leave to Amend and to Remand (ECF No. 11) is GRANTED. The Clerk of the Court is directed to remand this case to the Superior Court of California for the County of Nevada and to close the file.

IT IS SO ORDERED.

DATED: March 14, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE